IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Soomock Shim<br>xxx-xx-1277<br>402 Victoria Drive<br>Montgomeryville PA 18936<br><br>Debtor | : CHAPTER 13<br>: CASE NO. 19-13972-JKF<br>:<br>: HEARING DATE: 3/2/2020<br>: TIME: 9:30 A.M.<br>: LOCATION: COURT ROOM No. 3<br>: United States Bankruptcy Ct.<br>: 900 Market St., 2nd Floor<br>: Philadelphia, PA 19107 |

### MOTION TO VALUE COLLATERAL SECURING DEBT

Soomock Shim, the above-captioned debtor, by and through his attorney, Michael W. Gallagher, Esquire, does hereby pray this Honorable Court determine the value of certain collateral securing a debt or claim, and in support thereof does say and aver as follows:

1. The Movant is Soomock Shim, the Debtor in the present Chapter 13 case.

2. The Respondent is Santander Consumer USA, an Illinois corporation engaged in the business of financing automobiles. The respondent is not a bank or other insured depository institution.

3. The instant Chapter 13 case was filed on June 21, 2019.

4. The Respondent is a creditor of the Debtor, having a claim for financing an automobile purchase by the Movant.

5. The Movant purchased a 2013 Hyundai Sonata automobile and financed same with the Respondent on November 30, 2012.

6. Respondent has filed a proof of claim in the present case in the amount of $10,365.00 and asserting that the vehicle in question is worth $8,500.00. A copy of the proof of claim is attached hereto as Exhibit "A".

7. At the time of the filing of the Debtor's case, the loan

in question was more than 910 days old.

8. Therefore, the loan principal may now be modified to an amount equal to the fair market value of the security as of the time of filing under 11 U.S.C. §506, as permitted under 11 U.S.C. §1325. This has been done in the Debtor's Plan.

9. While the Bankruptcy Code does require that the value placed on the item be that which a merchant would charge for such an item, the Code also makes that value be for the item in it's actual condition at the time of filing. 11 U.S.C. §506(a)(2) "...shall be based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing." While the costs of "sale and marketing" are left in, any costs of repair, interest, cleaning, etc. are conspicuously absent from the language of the section.

10. The value quoted by the respondent creditor is the believed to be either a suggested retail price or the balance of the loan.

11. Kelly Blue Book, a recognized guide for automobile pricing, describes the "suggested retail price" or "typical listing price" as follows:

> What is Typical Listing Price?
> Formerly known as Suggested Retail Price, the Kelley Blue Book Typical Listing Price is representative of dealers' asking prices. It assumes that the vehicle has been fully reconditioned and has a clean title history. This price also takes into account the dealer's profit, costs for advertising, sales commissions and other costs of doing business. The final sale price will likely be less depending on the vehicle's actual condition, popularity, type of warranty offered and local market conditions. In other words, it's the price you should expect a dealer to ask – not always the price you should pay.

<u>Kelly Blue Book Frequently Asked Questions</u>, which is found at http://www.kbb.com/company/faq/used-cars/#uc_4 . A printed copy of this FAQ, as of 1/28/2020, is attached hereto as Exhibit "B".

12. By definition, this is <u>not</u> the vehicle the Debtor has. The Debtor's vehicle is one "on the road", not fully repaired, polished, primed and sitting on a dealer's lot, with a warranty attached and ready for sale.

13. One way to estimate the value of the actual vehicle in the Debtor's possession is to take the average of the prices of the make and model vehicle between the dealer fair purchase price and the private party valuation.

14. The Kelly Blue Book estimate of the fair dealer price is $7,766.00, as shown on the pricing report from Kelly Blue Book online, which is attached hereto as Exhibit "C". The Kelly Blue Book estimate of the private party value of the vehicle in fair condition is $6,232.00, as shown on the Kelly Blue Book pricing report attached hereto as Exhibit "D".

16. The average of the two valuations is $6,999.00, which Debtor offers as the appropriate valuation of the vehicle in question.

17. The Debtor does  consent to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

WHEREFORE, Debtor respectfully prays that your Honorable Court value the collateral, one 2013 Hyundai Sonata,

at a fair market value of $6,999.00.

                                          Respectfully submitted,

                                          <u>/s/ Michael W. Gallagher</u>
                                          Michael W. Gallagher, Esquire
                                          401 West Johnson Highway
                                          Suite 4
                                          East Norriton, PA 19401
                                          (484)679-1488
                                          (610)365-7919 Fax
                                          Attorney for Movant/Debtor